UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEDDY J. SAYE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-07252-VSB |
| Plaintiff, | |
| v. | |
| NIO INC., BIN LI and WEI FENG, | |
| Defendants. | |
| TARAS CEGLIA BOHONOK, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-07666-VSB |
| Plaintiff, | |
| v. | |
| NIO INC., BIN LI and WEI FENG, | |
| Defendants. | |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF IRA ZOHN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT....................................................................................................................... 4

    I.       Zohn Should Be Appointed Lead Plaintiff .................................................. 4

           A.      Zohn Has the Largest Financial Interest in the Relief Sought by the Class of any Movant .................................................................................. 4

           B.      Zohn Satisfies the Requirements of Rule 23................................................ 6

    II.      The Court Should Deny the Competing Motions ....................................... 7

           A.      No Competing Movant Possesses the Largest Financial Interest in this Litigation.................................................................................................... 7

           B.      Sordo and Siddiqui Are Inadequate Under Rule 23................................... 7

                 1.      Sordo and Siddiqui are an Improper Investor Group...................... 7

                 2.      Sordo's Options Investments Render Him Atypical of the Class... 9

CONCLUSION.................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrada v. Atherogenics, Inc.*,
   No. 05 Civ. 00061, 2005 U.S. Dist. LEXIS 6777 (S.D.N.Y. Apr. 19, 2005) ...........................9

*Aude v. Kobe Steel, Ltd.*,
   17-CV-10085, 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) ...........................3, 4, 6

*Basic, Inc. v. Levinson*,
   485 U.S. 224 (1988)..................................................................................................................10

*Chahal v. Credit Suisse Grp. AG*,
   18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185
   (S.D.N.Y. June 21, 2018)........................................................................................................1, 5

*Cohen v. Luckin Coffee Inc.*,
   1:20-cv-01293-LJL, 2020 U.S. Dist. LEXIS 103647 (S.D.N.Y. June 12, 2020) ..............2, 3, 7

*Cook v. Allergan PLC*,
   18 Civ. 12089 (CM), 2019 U.S. Dist. LEXIS 51962 (S.D.N.Y. Mar. 21, 2019)...................4, 9

*Di Scala v. ProShares Ultra Bloomberg Crude Oil*,
   20 Civ. 5865, 2020 U.S. Dist. LEXIS 242969 (S.D.N.Y. Dec. 28, 2020)..............................3, 9

*Dookeran v. Xunlei Ltd.*,
   18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575
   (S.D.N.Y. Apr. 12, 2018)........................................................................................................3, 6

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126, 131 (S.D.N.Y. 2011) ........................................................................................6

*Goldberger v. PXRE Grp., Ltd.*,
   Nos. 06 Civ. 3410 *et al.*, 2007 U.S. Dist. LEXIS 23925
   (S.D.N.Y. Mar. 30, 2007) ...........................................................................................................7

*In re Donnkenny Inc. Sec. Litig.*,
   171 F.R.D. 156 (S.D.N.Y. 1997) ............................................................................................5, 8

*In re Elan Corp. Sec. Litig.*,
   No. 08 Civ. 08761 (AKH), 2009 U.S. Dist. LEXIS 39859
   (S.D.N.Y. May 11, 2009)...........................................................................................................10

*In re Orion Secs. Litig.*,
   08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ...........................6

*Jacobsen v. Aphria, Inc.*,
  18 Civ. 11376, U.S. Dist. LEXIS 64440 (S.D.N.Y. Mar. 27, 2019) .......................................9

*Jurkowski v. MolyCorp, Inc.*,
  No. 13 Civ. 5697 (PAC), 2014 U.S. Dist. LEXIS 200771
  (S.D.N.Y. Apr. 2, 2014)..................................................................................................10

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................................4, 6

*Khunt v. Alibaba Group Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015)..................................................................................8

*Micholle v. Ophthotech Corp.*,
  17-CV-210 (VSB), 2018 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 13, 2018)................4, 9, 10

*Nakamura v. BRF S.A.*,
  18-cv-2213 (PKC), 2018 U.S. Dist. LEXIS 1108187 (S.D.N.Y. July 2, 2018) ....................5, 8

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (Nov. 13, 2017) ........................1, 5

*Siegel v. The Boston Beer Co.*,
  21-CV-7693 (VSB) *et al.*, 2021 U.S. Dist. LEXIS 239143
  (S.D.N.Y. Dec. 14, 2021)..................................................................................................8

*Tecku v. Yieldstreet, Inc.*,
  20 Civ. 7327 (VM), 2022 U.S. Dist. LEXIS 150575 (S.D.N.Y. Aug. 22, 2022) ..............2, 3, 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)........................................................................5, 8

**Statutes**

15 U.S.C. § 78u-4 .................................................................................................................1, 4, 5

Private Securities Litigation Reform Act of 1995 ............................................................... *passim*

**Rules**

Fed. R. Civ. P. 23................................................................................................................. *passim*

Movant Zohn[1] respectfully submits this memorandum of law in support of his motion for consolidation, appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 30; and in opposition to the competing motions of: (i) Javier Rodriguez Sordo and Mohammad Siddiqui (collectively, "Sordo and Siddiqui") (Dkt. No. 27); (ii) Michael Lyon ("Lyon") (Dkt. No. 20); and (iii) Juan Herreramoro ("Herreramoro") (Dkt. No. 33).[2]

## PRELIMINARY STATEMENT

The Related Actions are putative securities class action lawsuits on behalf of investors in NIO securities.  As with all federal class action securities lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Zohn, who clearly possesses the largest financial interest in this litigation of any individual movant, having incurred losses of approximately ***$1.98 million*** in connection with his Class Period purchases of NIO securities.  *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (Nov. 13, 2017) (same).

---

[1] All capitalized terms herein are defined in Zohn's moving brief, unless otherwise indicated.  *See* Dkt. No. 32.

[2] Initially three other putative Class members—Prakash Sambath ("Sambath"), Gary Darland ("Darland"), and Arthur White ("White")—also filed motions for appointment as Lead Plaintiff. Dkt. Nos. 12, 16, 23.  Each of these movants subsequently either withdrew their motions or filed notices stating their non-opposition to the competing motions.  *See* Dkt. No. 37-39.

The following table sets forth Zohn's financial interest compared to those of the competing movants:

| Movant | Loss |
|---|---|
| Zohn | $1,980,095 |
| Lyon | $990,568 |
| Herreramoro | $790,351 |
| ~~Sordo~~ | ~~$1,000,199~~ |
| ~~Siddiqui~~ | ~~$635,352~~ |

As the table reflects, Zohn incurred a loss of approximately *$1.98 million*, nearly double the $990,563 loss claimed by Lyon, the *bona fide* competing movant claiming the next-largest loss after Zohn.   Although one competing movant group, Sordo and Siddiqui, claim to have incurred aggregate losses of approximately $1.63 million, the Court should decline to consider Sordo's and Siddiqui's losses in the aggregate.  Courts in this Judicial District generally decline to permit such attorney-created groups to aggregate their losses for the purposes of securing appointment as Lead Plaintiff.  *See, e.g., Cohen v. Luckin Coffee Inc.*, 1:20-cv-01293-LJL, 2020 U.S. Dist. LEXIS 103647, at *9 (S.D.N.Y. June 12, 2020) (denying motion by "random assemblage" of investors that "not only had no pre-existing relationship but apparently did not even know of one another before counsel introduced them."); *Tecku v. Yieldstreet, Inc.*, 20 Civ. 7327 (VM), 2022 U.S. Dist. LEXIS 150575, at *6-7 (S.D.N.Y. Aug. 22, 2022) ("Courts in this District do not hesitate to deny a proposed group's motion for lead-plaintiff status if the movants have not provided a sufficient evidentiary basis for aggregation.") (collecting cases).  Moreover, as an impermissible group, Sordo and Siddiqui are inadequate under Rule 23, and thus ineligible for appointment as Lead Plaintiffs irrespective of the size of their financial interest (as discussed in greater detail below).

In addition to his significant financial interest, Zohn also satisfies the adequacy and typicality requirements of Rule 23.  Zohn is aware of no conflict between his interests and those of the Class, his losses incurred as a result of the Defendants' alleged malfeasance give him a

sufficient stake in the outcome of this action to ensure vigorous advocacy, and in Pomerantz, Zohn has retained qualified and experienced counsel. *Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018). Zohn, like all members of the Class, purchased NIO securities at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon disclosure of those misrepresentations or omissions. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018). Further demonstrating his adequacy, Zohn has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See generally* Dkt. No. 34-4.

By contrast, competing movants Sordo and Siddiqui are inadequate and/or atypical under Rule 23 for at least two reasons. First, Sordo and Siddiqui are an improper, attorney-assembled group consisting of two investors with no pre-litigation relationship, who were plainly introduced to one another by counsel solely to manufacture a larger financial interest for the purposes of securing a leadership role in this Action. Courts in this Judicial District routinely decline to appoint such groups as Lead Plaintiffs in PSLRA actions. *Luckin Coffee*, 2020 U.S. Dist. LEXIS 103647, at *9; *Yieldstreet*, 2022 U.S. Dist. LEXIS 150575, at *6-7 (collecting cases). As such, even assuming *arguendo* that Sordo and Siddiqui claimed a larger financial interest in this litigation than Zohn, their inadequacy under Rule 23 would independently mandate denial of their motion. Second, Sordo is atypical under Rule 23 because he traded ***exclusively*** in NIO options, rather than common stock, during the Class Period. Courts generally decline to appoint options investors as lead plaintiffs in PSLRA actions, finding them to be atypical class representatives. *See, e.g.*, *Di*

*Scala v. ProShares Ultra Bloomberg Crude Oil*, 20 Civ. 5865, 2020 U.S. Dist. LEXIS 242969, at *10-11 (S.D.N.Y. Dec. 28, 2020); *Cook v. Allergan PLC*, 18 Civ. 12089 (CM), 2019 U.S. Dist. LEXIS 51962, at *7 (S.D.N.Y. Mar. 21, 2019); *Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB), 2018 U.S. Dist. LEXIS 41120, at *23-24 (S.D.N.Y. Mar. 13, 2018).  The fact that Sordo traded exclusively in options during the Class Period raises the risk that issues specific to options trades—such as strike prices, duration, maturity, and volatility—will distract from Sordo's ability to prosecute the Class's claims, despite the fact that such issues are completely irrelevant to a Class that will be comprised largely of common stock investors.

For the foregoing reasons, Zohn respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## ARGUMENT

### I.    Zohn Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements] of Rule 23."  *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Here, the most adequate plaintiff is Zohn.

### A.    Zohn Has the Largest Financial Interest in the Relief Sought by the Class of any Movant

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts generally assess financial interest with reference to monetary loss.  *See*, *e.g.*, *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (equating financial interest with economic loss); *Nurlybaev*, 2017 U.S. Dist. LEXIS 187238, at *3 (same).

As the chart at p. 2 illustrates, Zohn clearly possesses a larger financial interest than any individual competing movant.  Zohn's losses of approximately $1.98 million are nearly twice as large as the losses claimed by Lyon, the *bona fide* competing movant alleging the next largest loss.

Although two movants, Sordo and Siddiqui, ask the Court to consider their financial interest in the aggregate rather than individually, Zohn respectfully submits that the Court should decline to do so, because Sordo and Siddiqui's submissions make it clear that they lack any pre-litigation relationship and were evidently assembled into a movant group by counsel seeking to manufacture a larger financial interest in an effort to secure a leadership role in this litigation. Courts generally decline to appoint such attorney-created assemblages as Lead Plaintiffs in PSLRA actions, finding that their appointment would undermine the statute's purpose of curbing attorney-driven litigation.  *See*, *e.g.*, *Nakamura v. BRF S.A.*, 18-cv-2213 (PKC), 2018 U.S. Dist. LEXIS 1108187, at *10 (S.D.N.Y. July 2, 2018) (denying motion by group that "was 'assembled as makeshift by attorneys' in order to claim the greatest financial interest in the outcome of the case", at odds with "the PSLRA's goal of ensuring that shareholders, and not just plaintiffs' counsel, plays an active role in driving the litigation.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("To allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the

litigation.  Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff.").

Accordingly, under the foregoing analysis, Zohn possesses the largest financial interest in this litigation within the meaning of the PSLRA.

### B.       Zohn Satisfies the Requirements of Rule 23

Zohn has also made the requisite *prima facie* showing that she satisfies the typicality and adequacy requirements of Rule 23.  *See Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *Kaplan*, 240 F.R.D. at 94.  First, Zohn's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims against NIO and the other Defendants are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See, e.g.*, *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008).  Second, Zohn satisfies the adequacy requirement of Rule 23(a)(4) because "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran*, 2018 U.S. Dist. LEXIS 62575, at *6.

For all of the foregoing reasons, Zohn strongly satisfies the typicality and adequacy requirements of Rule 23 and is entitled to the PSLRA's strong presumption of being the Lead Plaintiff.

**II.      The Court Should Deny the Competing Motions**

**A.      No Competing Movant Possesses the Largest Financial Interest in this Litigation**

None of the competing movants—Lyon, Herreramoro, Sordo, Siddiqui—may be appointed as Lead Plaintiff because none of them possesses the largest financial interest in this litigation, and thus none satisfies the first of the statutory criteria to be entitled to the "most adequate plaintiff" presumption.  Here, as discussed above, Zohn clearly possesses the largest financial interest in the this litigation.  It is thus self-evident that neither Lyon, Herreramoro, Sordo, nor Siddiqui possesses the largest financial interest.  This fact alone suffices to mandate denial of their motions.

**B.      Sordo and Siddiqui Are Inadequate Under Rule 23**

Even assuming *arguendo* that Sordo and Siddiqui did possess a larger financial interest in the Action than Zohn, the PSLRA would still mandate denial of their motion irrespective of their financial interest because Sordo and Siddiqui are inadequate and atypical under Rule 23.

**1.      Sordo and Siddiqui are an Improper Investor Group**

First, Sordo and Siddiqui are inadequate because they comprise an improper attorney-assembled group and thus are not adequate class representatives under Rule 23.  Courts in this Judicial District generally decline to appoint such groups as lead plaintiffs in PSLRA actions.  *See*, *e.g.*, *Luckin Coffee Inc.*, 2020 U.S. Dist. LEXIS 103647, at *9 (denying motion by "random assemblage" of investors that "not only had no pre-existing relationship but apparently did not even know of one another before counsel introduced them."); *Yieldstreet*, 2022 U.S. Dist. LEXIS 150575, at *6-7 ("Courts in this District do not hesitate to deny a proposed group's motion for lead-plaintiff status if the movants have not provided a sufficient evidentiary basis for aggregation."); *Goldberger v. PXRE Grp., Ltd.*, Nos. 06 Civ. 3410 *et al.*, 2007 U.S. Dist. LEXIS 23925, at *14

7

(S.D.N.Y. Mar. 30, 2007) (denying motion by proposed group that "shares only this lawsuit in common").

Sordo and Siddiqui are precisely the type of lawyer-driven amalgamation that courts decline to appoint as Lead Plaintiff in PSLRA actions. The group's two members, Javier Rodriguez Sordo and Mohammed Sidiqui have no pre-litigation relationship. *See, e.g.*, *Siegel v. The Boston Beer Co.*, 21-CV-7693 (VSB) *et al.*, 2021 U.S. Dist. LEXIS 239143, at *16-17 (S.D.N.Y. Dec. 14, 2021) (declining motion to appoint investor group as lead plaintiff, citing "concern[s] about the lack of any pre-litigation relationship between the group members"); *Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (declining to appoint proposed group as lead plaintiff where they "effective admit[ted] to having no pre-litigation relationship . . . [and] [t]heir only involvement in the litigation thus far appears to have been a single conference call.").

Sordo and Siddiqui's Joint Declaration concedes that they have no pre-litigation relationship, but rather "learned about one another" from their common litigation counsel. *See* Dkt. No. 29-4 ¶¶ 7. In other words, Sordo and Siddiqui were introduced by counsel with the goal of aggregating their losses in order to manufacture the "largest financial interest" in this litigation—a practice that courts have found to be squarely at odds with the purposes of the PSLRA. *See*, *e.g.*, *Nakamura*, 2018 U.S. Dist. LEXIS 1108187, at *10 (denying motion by group that "was 'assembled as makeshift by attorneys' in order to claim the greatest financial interest in the outcome of the case", at odds with "the PSLRA's goal of ensuring that shareholders, and not just plaintiffs' counsel, plays an active role in driving the litigation.") (quoting *Varghese*, 589 F. Supp. 2d at 392); *Donnkenny*, 171 F.R.D. at 158 ("To allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to

direct the litigation.  Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff.").

The Joint Declaration submitted by Sordo and Siddiqui, ostensibly in support of their motion, consists of rote recitations, was executed the same day as the Lead Plaintiff motion deadline in this Action, and should give the Court no confidence that Sordo and Siddiqui are prepared to meaningfully engage in this litigation and coordinate their efforts to prosecute this action efficiently for the benefit of the Class.  *See*, *e.g.*, *Jacobsen v. Aphria, Inc.*, 18 Civ. 11376, U.S. Dist. LEXIS 64440, at *11 (S.D.N.Y. Mar. 27, 2019) (denying motion where group provided only "boilerplate assurances" regarding their plans for cooperation); *Micholle v. Ophthotech Corp.*, 2018 U.S. Dist. LEXIS 41120, at *22 (S.D.N.Y. Mar. 13, 2018) (denying motion where movant group provided only "conclusory assurances that call into question whether it can manage this litigation effectively") (internal quotation marks omitted).  Indeed, given the timing of their Declaration relative to the motion deadline, it is unlikely that Sordo and Siddiqui have had very much time to become meaningfully acquainted and form a coordinated litigation strategy, the rote recitations about cohesiveness in their Joint Declaration notwithstanding.

In short, Sordo and Siddiqui constitute precisely the type of attorney-driven assemblage that courts in this Judicial District find inadequate to serve as lead plaintiffs in PSLRA actions.

### 2.    Sordo's Options Investments Render Him Atypical of the Class

In addition to his inadequacy as set forth above, Sordo's options trades also render him atypical of the Class in this litigation.  Courts generally decline to appoint options investors as lead plaintiffs in PSLRA actions.  *See*, *e.g.*, *Di Scala*, 2020 U.S. Dist. LEXIS 242969, at *10-11 (denying motion by options investor, finding that "factual issues unique to [the movant] 'would likely threaten to become the focus of the litigation'") (quoting *Andrada v. Atherogenics, Inc.*, No. 05 Civ. 00061, 2005 U.S. Dist. LEXIS 6777, at *14 (S.D.N.Y. Apr. 19, 2005)); *Allergan*, 2019

9

U.S. Dist. LEXIS 51962, at *7 ("[t]he appointment of [an options investor] as lead plaintiff very likely 'would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict.'") (quoting *In re Elan Corp. Sec. Litig.*, No. 08 Civ. 08761 (AKH), 2009 U.S. Dist. LEXIS 39859, at *6 (S.D.N.Y. May 11, 2009)); *Ophthotech*, 2018 U.S. Dist. LEXIS 41120, at *23-24 (same); *Jurkowski v. MolyCorp, Inc.*, No. 13 Civ. 5697 (PAC), 2014 U.S. Dist. LEXIS 200771, at *8 (S.D.N.Y. Apr. 2, 2014) (same). Here, the fact Sordo traded ***exclusively*** in options, as opposed to common stock, during the Class Period, makes him wholly unsuitable to represent an investor class that will consist in larger part of common stockholders, because Sordo's transactions create a non-speculative risk that issues relevant to Sord's options trades but ***irrelevant*** to most class members—*e.g.*, strike prices, duration, maturity, and volatility—will become a focus of the litigation.

Defendants are almost certain to capitalize on the fact that Sordo traded exclusively in options by extensively litigating the question of whether NIO options traded in an efficient market, in an effort to deprive him of the presumption of reliance established in *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988), that, in an efficient market, "[a]n investor who buys or sells stock at the price set by the market does so in reliance on the integrity of that price. Because most publicly available information is reflected in market price, an investor's reliance on any public material misrepresentations . . . may be presumed for purposes of a Rule 10b-5 action." *Basic*, 485 U.S. at 247. Here, in the best-case scenario, Sordo would be forced to devote considerable time and energy to litigating issues specific to his own trading history only, at the expense of the Class's claims. There is no reason to saddle the Class with such a representative.

**CONCLUSION**

For the foregoing reasons, Zohn respectfully requests that the Court issue an Order granting his motion in all respects and denying the competing motions.

Dated:  November 7, 2022

Respectfully submitted,

POMERANTZ LLP

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Ira Zohn and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Ira Zohn*

11