**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TEDDY J. SAYE, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-07252-VSB |
| Plaintiff, | |
| v. | |
| NIO INC., BIN LI, and WEI FENG, | |
| Defendants. | |
| TARAS CEGLIA BOHONOK, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-07666-VSB |
| Plaintiff, | |
| v. | |
| NIO INC., BIN LI, and WEI FENG, | |
| Defendants. | |

**MICHAEL LYONS' OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Lead Plaintiff Movant Michael Lyons ("Lyons") submits this memorandum of law in opposition to the six competing motions for appointment as lead plaintiff and approval of lead counsel filed by other class members. Dkt. Nos. 12, 16, 23, 27, 30, 33.[1]

## I.   INTRODUCTION

Seven movants originally filed lead plaintiff motions in this action. Four have since abandoned their motions by withdrawing them or filing notices informing the Court that they do not oppose the competing motions. *See* Dkt. Nos. 37, 38, 39, 40. As such, only three movants remain: Lyons (Dkt. No. 20); Javier Rodriguez Sordo and Dr. Mohammad Siddiqui (the "Sordo/Siddiqui Group," Dkt. Mo. 27); and Ira J. Zohn ("Zohn"; Dkt. No. 30).

The PSLRA directs courts to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the inquiry continues with the movant who has the next largest financial interest until a suitable lead plaintiff is identified.

Here, only the Sordo/Siddiqui Group has a larger financial interest than Lyons. However, the Sordo/Siddiqui Group should be disqualified from consideration because it is an improper group, cobbled together by its counsel. Courts routinely reject such groups as inadequate to represent the class.

---

[1] No movant opposes consolidation. As such only appointment of lead plaintiff and approval of lead counsel are addressed herein.

Since Lyons is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Lyons should be appointed lead plaintiff, and his selection of lead counsel should be approved.

## II.   ARGUMENT

### A.   Lyons Has the Second Largest Financial Interest Behind Only the Sordo/Siddiqui Group

The PSLRA does not specify a means of calculating the "largest financial interest," and "in the absence of statutory guidance or Second Circuit case law, the method used and the factors considered in determining each movant's financial interest remain fully within the discretion of the district court." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 406-07 (S.D.N.Y. 2004); *see also In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002) ("To make this comparison, the district court must calculate each potential lead plaintiff's financial interest in the litigation. In so doing, the court may select accounting methods that are both rational and consistently applied.").

In their discretion, courts have typically considered four factors to determine which movant has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015) (collecting cases).  Most courts in this District agree that the fourth factor, the largest financial loss, is the most important factor. *Id.*  While there are a variety of methods for determining financial loss, courts have recently accepted the "modified LIFO" methodology which excludes securities that were not held at the time of a corrective disclosure from the loss calculation. *See id.*; *see also Simco v. Aegean Marine Petroleum Network Inc.*, No. 18-cv-4993, 2018 WL 11226076, at *2 (S.D.N.Y. Oct. 30,

2018) (citing *CannaVest* and confirming that "[l]osses resulting from shares sold prior to corrective disclosures are not considered in evaluating a movant's financial interests"); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 531 (S.D.N.Y. 2015) ("[A]ny losses that [a plaintiff] may have incurred before [a defendant's] misconduct was ever disclosed to the public are not recoverable, because those losses cannot be proximately linked to the misconduct at issue in th[e] litigation."). Using the modified LIFO method, eliminating all losses and gains on securities not held over a corrective disclosure, Lyons has the second-largest loss, behind only the Sordo/Siddiqui Group:[2]

| Movant | Modified LIFO Loss |
|---|---|
| Sordo/Siddiqui Group Total | $1,723,843 |
| *Javier Rodriguez Sordo* | *$1,103,291* |
| *Dr. Mohammad Siddiqi* | *$620,552* |
| Michael M. Lyons | $609,177 |
| Ira J. Zohn | $576,780 |

However, the Sordo/Siddiqui Group should be disqualified from consideration because the Sordo/Siddiqui Group is an improper group, cobbled together by its counsel.

**B.    The Sordo/Siddiqui Group Should Be Disqualified as Inadequate to Represent the Class**

The Sordo/Siddiqui Group is a group of unrelated investors, cobbled together "by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel," and "based on this history, [] the members of that 'group' c[an] not be counted on to monitor counsel in a sufficient manner." *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001). Courts in this circuit (and out) routinely reject such groups as inadequate. *See Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (declining to appoint a "random assemblage of unlike individuals" that "had no pre-existing relationship" and "did not

---

[2] The data in this chart is derived from the movants' loss charts.

even know of one another before counsel introduced them"); *Khunt*, 102 F. Supp. 3d at 533 (declining to appoint a proposed group as lead plaintiff where they "effectively admit[ted] to having no pre-litigation relationship . . . [and] [t]heir only involvement in the litigation thus far appears to have been a single conference call"). In line with this authority, the Sordo/Siddiqui Group should not be appointed as lead plaintiff.

While the PSLRA permits a group to serve as lead plaintiff, not just any group of unrelated members is permissible. *See Luckin*, 2020 WL 3127808, at *3 (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)). The group must "proffer an evidentiary showing" that its members "will be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Id.* "Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Id.* Here, the factor analysis weighs against appointment of the Sordo/Siddiqui Group.

First, Sordo and Siddiqui admit in their Joint Declaration submitted to the Court (Dkt. No. 29-4) that they have no pre-litigation relationship. Sordo is an entrepreneur from Miramar, Florida and Siddiqui is a surgeon from South Abington Township, Pennsylvania. *Id.* ¶¶ 3, 5. Second, involvement in this litigation so far is limited to some discussion about the case with their counsel, and one conference call. Third, they have no plan for cooperation other than generic statements that they will. Finally, Sordo and Siddiqui admit their group was formed by its counsel. Accordingly, the factors weigh against appointment of the Sordo/Siddiqui Group.

4

*See Luckin*, 2020 WL 3127808, at \*4; *Khunt*, 102 F. Supp. 3d at 533 (declining to appoint a proposed group whose "only involvement in the litigation thus far appears to have been a single conference call"); *Tan v. NIO Inc.*, No. 19-cv-1424, 2020 WL 1031489, at \*4 (E.D.N.Y. Mar. 3, 2020) ("the group's testimony about the members' involvement in the case thus far and their plans for cooperation moving forward [] represent little more than the type of 'conclusory assurances' the courts have repeatedly rejected as inadequate"); *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019) ("vague discussions of general communication protocols and status reports hashed out over preliminary conference calls" and "boilerplate plans for cooperation" did not establish that a proposed group would work effectively and cohesively as lead plaintiff) (citing *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191-92 (S.D.N.Y. 2011)).

Since the Sordo/Siddiqui Group is a construction of its counsel, cobbled together to achieve lead plaintiff (and lead counsel) status, the factors weigh in favor of a finding that the group is inadequate, and against appointment of the group as lead plaintiff.

### C.   No Individual Sordo/Siddiqui Group Member Should Be Appointed Individually as Lead Plaintiff

No member of the Sordo/Siddiqui Group moved for individual appointment as lead plaintiff. As such, the Court should not consider the members individually. *See Jakobsen v. Aphria, Inc.*, No. 18-cv-11376, 2019 WL 1522598, at \*4 (S.D.N.Y. Mar. 27, 2019) ("There are no separate motions to appoint any member of the Wan Group as lead plaintiff on an individual basis. As such, this Court does not consider whether each individual member of the Wan Group could be appointed as lead plaintiff."); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 n.4

(S.D.N.Y. 2015) (refusing to appoint a group member with the largest loss because it "at no time sought to serve as an individual lead plaintiff").[3]

In fact, any such request to be appointed individually at this late stage would be untimely and only serve to further demonstrate the individuals' inadequacy and would be an independent ground to reject their motion. *See Inovio*, 467 F. Supp. 3d at 280 (holding "[t]he Group's eleventh-hour willingness to discard [a member]" demonstrates that it is not cohesive); *Tsirekidze*, 2008 WL 942273, at *4 ("The willingness to abandon the group only suggests how loosely it was put together.").

### D.      Lyons Should be Appointed as Lead Plaintiff

Lyons is the *bona fide* movant with the next largest financial interest in the relief sought by the class. Since Lyons also filed a timely motion and satisfies the requirements of Rule 23, Lyons is the presumptively most adequate plaintiff. The presumption that Lyons is the most adequate plaintiff may be rebutted only upon "proof" that he "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof has been presented. As such, Lyons should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

---

[3] *See also Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("The [] Group moved for lead plaintiff as a group and will be evaluated as such."); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) ("the Court declines to . . . consider their individual losses" because "the group members have not requested individual consideration"); *McDermid v. Inovio Pharm., Inc.*, 2020 WL 3288189, at *5 (E.D. Pa. June 18, 2020) ("The Inovio Group 'decided to move together as a group. . . .' That group motion is the one before the Court, and the Court will not retroactively amend it.") (citation omitted).

## III.    CONCLUSION

For the foregoing reasons, Lyons requests that the Court grant his motion and enter an Order (1) consolidating the related actions, (2) appointing Lyons as Lead Plaintiff; and (3) approving Lyons' selection of Glancy Prongay & Murray LLP as Lead Counsel for the class.

Respectfully submitted,

DATED: November 7, 2022

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Michael Lyons and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 7, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 7, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh