## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEDDY J. SAYE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN LI, and WEI FENG, <br><br> Defendants. | Case 1:22-cv-07252 <br><br> <u>CLASS ACTION</u> |
| TARAS CEGLIA BOHONOK, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN LI, and WEI FENG, <br><br> Defendants. | Case 1:22-cv-07666 <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND IN FURTHER SUPPORT OF MOTION OF JAVIER RODRIGUEZ SORDO AND DR. MOHAMMAD SIDDIQUI FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF COUNSEL**

00717694;V1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT........................................................................................................................... 5

    I.    THE COURT SHOULD APPOINT SORDO & SIDDIQUI AS LEAD PLAINTIFF ....... 5

        A. Sordo & Siddiqui Are the Presumptive Lead Plaintiff Because They Have The Largest Financial Interest in the Action By a Wide Margin and Satisfy Rule 23 .............. 5

        B. Sordo & Siddiqui Also Satisfy the *Prima Facie* Rule 23 Requirements...................... 8

        C. There is No Proof to Rebut the Strong Presumption in Favor of Sordo & Siddiqui .... 9

CONCLUSION...................................................................................................................... 11

00717694;V1

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Chahal v. Credit Suisse* Group AG,
   No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018),
   *objections overruled*,
   No. 18-CV-02268 (AT)(SN), 2018 WL 6803377 (S.D.N.Y. Aug. 27, 2018) ........................ 4, 9

*Crass v. Yalla Grp. Ltd.*,
   No. 21 Civ. 6854 (PAE), 2021 WL 5181008 (S.D.N.Y. Nov. 8, 2021) ..................................... 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...................................................................................... 9, 10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ............................................................................................ 10

*In re Comverse*,
   No. 06-CV-1825 (NGG)(RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ..................... 2, 6-7

*In re Network Assoc., Inc. Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999) ............................................................................. 10

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015) ............................................................................ 4, 7

*Maliarov v. Eros Int'l PLC*,
   No. 15-CV-8956 (AJN), 2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016) ................................. 3, 9

*Micholle v. Ophthotech Corp.*,
   No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ....................... 2, 6, 7, 10

*Mustafin v. GreenSky, Inc.*,
   No. 18 Civ. 11071 (PAE), 2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) .............................. 5

*Perez v. Hexo*,
   No. 19 Civ. 10965 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) .............................. 10

*Peters v. Jinkosolar Holding Co., Ltd.*,
   No. 11 Civ. 7133 (JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ................................. 3, 9

*Sallustro v. CannaVest Corp.*,
   93 F. Supp. 3d 265 (S.D.N.Y. 2015) ................................................................................ 7

*Siegel v. Boston Beer Co., Inc.*,
   No. 21-CV-7693 (VSB), 2021 WL 5909133 (S.D.N.Y. Dec. 14, 2021) .......................... 3, 5, 9

*Topping v. Deloitte Touche Tohmatsu CPA*,
   95 F. Supp. 3d 607 (S.D.N.Y 2015) ................................................................................. 7

*Williams v. Block.One*,
   No. 20-CV-2809 (LAK), 2020 WL 4505569 (S.D.N.Y. Aug. 4, 2020) .................................... 8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..................................................................................... 4, 9

**Rules**

Fed. R. Civ. P. 23 ............................................................................................. *passim*

Javier Rodriguez Sordo and Dr. Mohammad Siddiqui ("Sordo & Siddiqui") respectfully submit this memorandum of law in further support of their motion for: (a) consolidation of related cases; (b) appointment as Lead Plaintiff, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (c) approval of their selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation, and in opposition to all competing motions for Lead Plaintiff.[1]

## PRELIMINARY STATEMENT

On October 24, 2021, seven movants timely filed motions for consolidation of the related actions and appointment as Lead Plaintiff.  Under the PSLRA, the presumptive Lead Plaintiff is the movant or movant group with the largest financial interest in the action who has also made a *prima facie* showing of Rule 23 typicality and adequacy.  Here, the presumptive Lead Plaintiff is Sordo & Siddiqui.  Their financial interest exceeds $1.6 million – substantially larger than that of any other movant before the Court.  *See infra* at 6.  In fact, Sordo alone has the largest financial interest of any movant.  *See id*.  Sordo & Siddiqui have also made the requisite *prima facie* showing of Rule 23 adequacy and typicality.  *See id*. at 8-9.  Once the PSLRA's "strong" presumption attaches, as it should for Sordo & Siddiqui, only "proof" of their inadequacy can rebut the presumption.  No such proof exists here.  Accordingly, Sordo & Siddiqui should be appointed Lead Plaintiff for the proposed Class.

One other movant, Zohn, purports to have a larger financial interest than Sordo & Siddiqui, but Zohn's claimed $1.9 million loss figure is wildly misleading because Zohn sold

---

[1] Competing motions were filed by (i) Ira Zohn; (ii) Michael Lyons; (iii) Gary Darland; (iv) Juan Herreramora Gomez; (v) Prakash Sambath; and (vi) Arthur White.  Sambath withdrew his motion on November 4, 2022.  *See* ECF No. 34.  Darland, White and Gomez filed non-oppositions on November 7, 2022.  *See* ECF Nos. 38, 39, 40.  Thus, only Movants, Zohn and Lyon's motions remain pending.  Otherwise undefined terms have the definitions set forth in Movants' initial motion.

00717694;V1

*98%* of his NIO stock *before* the two alleged corrective disclosures in these Actions, which were on June 28, 2022 and July 11, 2022. *See* ECF No. 34-1 (Zohn loss chart); *Saye* ¶¶3-6, 29-33; *Bohonok* ¶¶3-6, 32-36.[2]  In *Dura v. Broudo Pharm.*, the U.S. Supreme Court held that plaintiffs alleging claims under Section 10(b) of the Exchange Act can only recover for losses suffered *after* an alleged corrective disclosure.  This Court, like many others, applies *Dura* when calculating movants' financial interests on a lead plaintiff motion – especially when a movant's losses under *Dura* are significantly different than those initially claimed, like here.  *See Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB) 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018) ("when calculating movants' financial interests on a lead plaintiff motion, courts should not include 'losses…which took place during the class period, but before the misconduct identified in the complaint was ever revealed to the public'") (quoting *In re Comverse Tech. Inc. Sec. Litig.*, No. 06-cv-1825 (NGG)(RER), 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007)).  The motions under review here show precisely why a *Dura* analysis is vital.  When Zohn's "in-and-out" losses are backed out from his purported $1.9 million loss figure, his financial interest plummets to just $36,079, the lowest of any movant before the Court.  In stark contrast, Sordo & Siddiqui's *Dura* loss remains over $1.6 million – $840,000 greater than the movant with the second largest *Dura* loss.  *See infra* at 6.  Moreover, Sordo's *Dura* loss alone is approximately $300,000 greater than the second largest movant.  *See id*.

In addition to having the largest financial interest in this action by a wide margin, Sordo & Siddiqui have also made the requisite *prima facie* Rule 23 showing.  Sordo & Siddiqui are a small, cohesive group of two sophisticated investors with over 30 years of investing experience between them; they each sustained substantial losses in NIO securities; their claims are typical of

---

[2] Zohn's counsel filed the *Bohonok* complaint. *See id*.

the proposed class; they have no conflicts of interest with the proposed class; they communicated by phone and email with one another before deciding to group with one another; they submitted a Joint Declaration outlining their plans to effectively manage counsel and this litigation if appointed; and they have every incentive to maximize a recovery for all Class members. *See generally* Movants' Joint Declaration (ECF No. 29-4) ("Joint Decl."). Movants have also stayed up to date on the action since filing their joint motion, including by seeking updates from counsel.

While this Court has been careful about appointing group movants in the past out of concern that the grouping might be purely designed to aggregate the largest financial interest in the action, that concern is not present here. *See Siegel v. Boston Beer Co., Inc.*, No. 21-CV-7693 (VSB), 2021 WL 5909133, at \*6 (S.D.N.Y. Dec. 14, 2021). Here, Sordo individually has the largest financial interest of any movant before the Court. *See*, *e.g.*, *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 WL 1367246, at \*5 (S.D.N.Y. Apr. 5, 2016) (appointing two-member group where "this is not a situation where 'the proposed group has been assembled…for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action…as Eisner has the single largest post-October 30, 2015 losses of any movant"); *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133 (JPO), 2012 WL 946875, at \*8 (S.D.N.Y. Mar. 19, 2012) (same).

Moreover, as explained in their Joint Declaration, Sordo & Siddiqui are each first-time movants in a securities class action, and each independently expressed a desire to work with a similarly situated class member, if the right opportunity presented. *See* Joint Decl. ¶¶4, 6 (ECF No. 29-4). After due consideration of the foregoing, counsel introduced Sordo & Siddiqui to one another. However, Sordo & Siddiqui only made the decision to file a joint motion after speaking

with each other, learning that they shared common interests, and after thoughtfully considering the merits of their grouping, including, *inter alia*, the benefits of being able to broadly represent investors in NIO stock and options.[3]  Thus, Sordo & Siddiqui have more than satisfied their *prima facie* showing of adequacy and typicality.

Movants that have the largest financial interest and that make a *prima facie* Rule 23 showing are entitled to the PSLRA's "strong presumption" of being appointed Lead Plaintiff. Once this "strong presumption" attaches, the Court must focus its attention on the presumptive lead plaintiff alone and not conduct a beauty contest among the remaining movants. *See, e.g., Chahal v. Credit Suisse Group AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *2 (S.D.N.Y. June 21, 2018) ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"), *objections overruled*, No. 18-CV-2268 (AT)(SN), 2018 WL 6803377 (S.D.N.Y. Aug. 27, 2018) (citing *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015)).  To rebut the "strong" presumption, competing movants must offer "proof", not mere speculation, that Sordo & Siddiqui somehow do not satisfy Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists here.

For these reasons and those discussed below, Sordo & Siddiqui's motion for consolidation of the related actions, appointment as Lead Plaintiff, and approval of Lead Counsel should be granted, and all competing motions should be denied in their entirety.

---

[3] The complaints in the related actions define the class as investors in NIO "securities".  *Saye* ¶1; *Bohonok* ¶1.

## ARGUMENT

### I.    THE COURT SHOULD APPOINT SORDO & SIDDIQUI AS LEAD PLAINTIFF

#### A.    Sordo & Siddiqui Are the Presumptive Lead Plaintiff Because They Have The Largest Financial Interest in the Action By a Wide Margin and Satisfy Rule 23

Under the PSLRA, the presumptive Lead Plaintiff is the "person or group of persons" who suffered the largest financial interest and satisfies Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also Mustafin v. GreenSky, Inc.*, No. 18 Civ. 11071 (PAE), 2019 WL 1428594, at *3-5 (S.D.N.Y. Mar. 29, 2019); *Crass v. Yalla Grp. Ltd.*, No. 21 Civ. 6854 (PAE), 2021 WL 5181008, at *4-6 (S.D.N.Y. Nov. 8, 2021) (appointing "relatively small and therefore presumptively cohesive" two-person group with largest financial interest as Lead Plaintiff). This Court has recognized that a group can be appointed Lead Plaintiff. *See Boston Beer Co.*, 2021 WL 5909133, at *4 ("[c]ourts permit unrelated investors to move for appointment as lead plaintiff, and aggregate their financial interests, on a case-by-case basis").

Here, with over $1.6 million in losses, Sordo & Siddiqui have the largest financial interest of any movant before the Court by a huge margin. In fact, Sordo alone has the largest financial interest of any competing movant. As reflected in the chart below, certain of the loss figures claimed by the competing movants, Zohn in particular, do not portray an accurate picture of their true financial interest in this action:

| MOVANT | CLAIMED FINANCIAL INTEREST | FINANCIAL INTEREST UNDER *DURA* |
|---|---|---|
| Sordo | ($998,751) | ($998,751) |
| Siddiqui | ($657,902) | ($620,552) |
| **Sordo & Siddiqui** | **(1,656,654)** | **($1,619,303)** |
| | | |
| ~~Gomez~~ | ~~($753,194)~~ | ~~($777,957)~~[4] |
| | | |
| **Lyon** | **($990,300)** | **($601,249)** |
| | | |
| ~~Sambath~~ | ~~($424,796)~~ | ~~($527,542)~~ |
| | | |
| ~~Darland~~ | ~~($589,415)~~ | ~~($414,163)~~ |
| | | |
| ~~White~~ | ~~($390,285)~~ | ~~($390,001)~~ |
| | | |
| **Zohn Account 1** | $21,975 | ($3,471) |
| **Zohn Account 2** | ($1,969,298) | ($32,608) |
| **Zohn Total** | **($1,947,324)** | **($36,079)** |

Under the U.S. Supreme Court's holding in *Dura*, plaintiffs in cases alleging violations of Section 10(b) of the Exchange Act can only recover for losses suffered after alleged corrective disclosures. This Court and others in this District regularly apply *Dura* when calculating the financial interest of Lead Plaintiff movants. *See, e.g.*, *Micholle*, 2018 WL 1307285, at *5 ("courts should not include 'losses…which took place during the class period, but before the misconduct identified in the complaint was ever revealed to the public'"); *In re Comverse Tech.*, 2007 WL 680779, at *5 ("where (as here) it is clear from the face of the pleadings that most

---

[44] As noted above, Sambath withdrew his motion and Darland, White and Gomez filed non-oppositions to the competing motions. *See supra* at n.1.

losses were suffered before any alleged corrective disclosure, the court would be abdicating its responsibility under the PSLRA if it were to ignore that issue at this stage"); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 617-18 (S.D.N.Y 2015); *Sallustro v. CannaVest Corp.,* 93 F. Supp. 3d 265, 272 (S.D.N.Y. 2015).  As this Court noted in *Micholle*, "any losses resulting from sales of shares before a company's misconduct is revealed are not considered for the purpose of loss calculation 'because those losses cannot be proximately linked to the misconduct at issue.'" 2019 WL 1307285, at *5 (citing *Alibaba*, 102 F. Supp. 3d at 531).  *See also id*. at *8 (this Court found a movant's "financial losses [] overstated [] since many of his trades are 'in-and-out' trades that occurred before Ophthotech's corrective disclosure").

Here, Zohn claims a $1.9 million loss, but his loss figure is radically overstated because he suffered almost all – **_98%_** – of his losses *before* the alleged corrective disclosures in this action.  When Zohn's "in-and-out" losses are backed out, Zohn's real financial interest here falls to only $36,079, the smallest of any movant before the Court.  As reflected in his motion, Zohn sold 59,285 of his 75,985 NIO shares before the initial June 28, 2022 corrective disclosure in this action, with the majority being sold on March 11, 2022.  *See* ECF No. 34-1; *Saye* ¶¶29-31; *Bohonok* ¶¶32-34.  As a result, while Zohn misleadingly claims to have the largest financial interest in his motion, he actually has the smallest of any movant before the Court.[5]

In stark contrast to Zohn, under a *Dura* analysis Sordo & Siddiqui still sustained over $1.6 million in losses, and their losses still vastly exceed the losses of the second largest movant – by over $840,000.  *See supra* at 6.  Moreover, Sordo alone still has the largest financial interest

---

[5] Similarly, Lyon claimed a financial interest of $990,300, but he sold 39,490 shares between January 28, 2021 and May 20, 2022 – well before the first corrective disclosure on June 28, 2022.  *See* ECF No. 22-3 (Lyon's Loss Chart).  Thus, Lyon's real financial interest is $601,249.

of any competing movant by a $300,000 margin. *See id*. Thus, there is no question that Sordo & Siddiqui possess the largest financial interest of any movant before the Court.

The substantial financial interest of Sordo & Siddiqui ensures that they will prosecute the related actions diligently and vigorously for the benefit of the proposed class. *See Williams v. Block.One*, No. 20-CV-2809 (LAK), 2020 WL 4505569, at *3 n.19 (S.D.N.Y. Aug. 4, 2020) ("[t]he theory of these provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff ... would be motivated to act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price").

### B.    Sordo & Siddiqui Also Satisfy the *Prima Facie* Rule 23 Requirements

In addition to having the largest financial interest, Sordo & Siddiqui have made the requisite *prima facie* showing of typicality and adequacy under Rule 23. Sordo & Siddiqui are typical of other Class members because they bought NIO securities during the class period and were significantly harmed by the same alleged misstatements and omissions as other class members. Sordo & Siddiqui also readily meet the PSLRA's *prima facie* adequacy requirements. Sordo & Siddiqui are a small, cohesive group with a collective 30 years of investing experience; Sordo & Siddiqui bought two of the securities at issue in these cases – common stock (Siddiqui) and call options (Sordo); Sordo & Siddiqui are an entrepreneur who owns his own business company and a surgeon, respectively; Sordo & Siddiqui retained experienced counsel; Sordo & Siddiqui have no conflicts with other class members; and they communicated by phone and email with one another before deciding to group with one another, all demonstrating they are well-suited to manage this litigation. *See generally* ECF No. 29-4 (Joint Decl.). Sordo &

Siddiqui have also sworn that they understand the lead plaintiff role and will undertake the lead plaintiff role seriously and litigate the case vigorously for the proposed class. *See id*. ¶8.[6]

In light of the foregoing, Sordo & Siddiqui have satisfied their *prima facie* Rule 23 requirement, and accordingly, are entitled to the PSLRA's strong presumption of being the most adequate plaintiff to represent the proposed Class.

### C.    There is No Proof to Rebut the Strong Presumption in Favor of Sordo & Siddiqui

To rebut Sordo & Siddiqui's presumptive lead plaintiff status, competing movants must offer "proof", not mere speculation, that Sordo & Siddiqui do not satisfy Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). No such proof exists here. Because Sordo & Siddiqui have the largest financial interest and satisfy Rule 23, the Court can end its analysis there and appoint Sordo & Siddiqui as Lead Plaintiff. *See, e.g. Chahal*, 2018 WL 3093965, at *2 ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"); *In re Cavanaugh*, 306 F.3d 726, 729-34 (9th Cir. 2002) (once a court determines which plaintiff has the largest stake, the court must appoint that plaintiff as lead unless it finds that he

---

[6] This Court has recognized that "[c]ourts permit unrelated investors to move for appointment as lead plaintiff, and aggregate their financial interests, on a case-by-case basis", but that "[g]roups with unrelated members must…provide evidence that they will function cohesively and thus best serve the class". *Boston Beer Co.*, 2021 WL 5909133, at *5. Sordo & Siddiqui have provided precisely that evidence here, and their group is very different from the group that was rejected in *Boston Beer*. In *Boston Beer*, the group was larger (three individuals), none of the members of the group had the single biggest financial interest, and the group did not provide a unique benefit to the proposed class, such as ensuring broader protection for the class by covering a broader range of securities. *Id*. at *6. *Cf. Maliarov*, 2016 WL 1367246, at *5 (appointing 2-member group where "there is no concern that the proposed group has been assembled as a makeshift by attorneys for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action…as Eisner has the single largest post-October 30, 2015 losses of any movant"); *Peters*, 2012 WL 946875, at *7-9 (S.D.N.Y. Mar. 19, 2012) (rejecting argument that group with largest financial interest was inadequate where group also had single largest loss).

does not satisfy the typicality or adequacy requirements); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)  (once the adequacy "presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class ...").  In other words, the lead plaintiff process is not a "beauty contest" – the qualified movants with the largest financial interest (here, Sordo & Siddiqui) are the presumptive lead plaintiff, period. *Cavanaugh*, 306 F.3d at 732.[7]

---

[7] Although the Court should end its analysis by appointing Sordo & Siddiqui as Lead Plaintiff in this action, the Court should be aware of certain impediments affecting the competing movants. In addition to overstating his financial interest, Zohn has Rule 23 issues.  For example, he is a defendant in a current New Jersey state case (*Ampolsky v. Zohn, et al.*, No. MON-L-3963-18 (Sup. Ct. Monmouth Cty.)) that could undermine his ability to serve in a representative capacity here and, at the very least, will be a wasteful sideshow. *See, e.g., In re Network Assoc., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999).  Zohn also apparently gained $21,974.83 in his first account rather than his reported gain of $10,797.  This error raises adequacy issues. *See, e.g., Micholle*, 2018 WL 1307285, at *9.  Separately, Lyon, Gomez, and Sambath provided no information about themselves, where they live, their investing experience, their background, or their sophistication.  This glaring absence renders them inadequate under Rule 23. *See, e.g., Perez v. Hexo*, No. 19 Civ. 10965 (NRB), 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020).  As this Court noted in *Boston Beer*, "by not providing an initial declaration with his motion, [a lead plaintiff movant] failed to make a preliminary showing of adequacy under Rule 23." 2021 WL 5909133, at *7. Finally, Gomez appears to have listed a January 27, 2021 sale of 500 shares as a purchase on his loss chart. *Compare* ECF No. 35-2 (loss chart) to ECF No. 35-1 (certification).  When corrected, Gomez's loss is $753,194 vs. his reported $790,351.  This error undermines Gomez's adequacy. *See supra* n. 7.

**CONCLUSION**

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the related actions; (2) appoint them as Lead Plaintiff; and (3) approve Movants' selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: November 7, 2022

**BERNSTEIN LIEBHARD LLP**

/s/ Joseph R. Seidman, Jr.

_____

Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
        seidman@bernlieb.com

*Counsel for Movants and Proposed Lead Counsel for the Proposed Class*

00717694;V1                                    11

**CERTIFICATE OF SERVICE**

I, Joseph R. Seidman, Jr., hereby certify that on November 7, 2022, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: November 7, 2022

/s/ Joseph R. Seidman, Jr.
Joseph R. Seidman, Jr.

00717694;V1                                          12