**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TEDDY J. SAYE, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-07252-VSB |
| Plaintiff, | |
| v. | |
| NIO INC., BIN LI, and WEI FENG, | |
| Defendants. | |
| TARAS CEGLIA BOHONOK, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-07666-VSB |
| Plaintiff, | |
| v. | |
| NIO INC., BIN LI, and WEI FENG, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MICHAEL LYONS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Lyons'[1] motion for consolidation of Related Actions, appointment as lead plaintiff, and approval of his selection of counsel (Dkt. No. 20) should be granted because the movant claiming a larger loss than Lyons is an improper group and no movant has rebutted the presumption that Lyons is the most adequate plaintiff.

## I.    The Sordo/Siddiqui Group Is An Improper, Lawyer-Driven Group

Though the Sordo/Siddiqui Group claims to have a larger loss than Lyons, they should be disqualified from consideration because their group consists of two unrelated investors, cobbled together "by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel." *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001); *see also* Dkt. No. 42 ("Lyons Opp."). Because they are grouped by counsel "the members of [the] 'group' c[an] not be counted on to monitor counsel in a sufficient manner" and the group is inadequate to represent the class. *Cendant*, 264 F.3d at 267; *see also Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (declining to appoint a "random assemblage of unlike individuals" that "had no pre-existing relationship" and "did not even know of one another before counsel introduced them"). The other competing movant, Zohn, concurs. *See* Dkt. No. 41 ("Zohn Opp.") at 11-13 ("In short, Sordo and Siddiqui constitute precisely the type of attorney-driven assemblage that courts in this Judicial District find inadequate to serve as lead plaintiffs in PSLRA actions.").

Despite now having had a second opportunity in their opposition memorandum to present evidence that their group is not lawyer-constructed, Sordo and Siddiqui instead confirm it. *See* Dkt. No. 43 ("Sordo/Siddiqui Opp.") at 8-9. As they admit, the only connection between Sordo and Siddiqui that they identify is their counsel. *See id.* at 8 (noting that they retained the same

---

[1] All capitalized terms herein are as defined in Lyons' opposition memorandum (Dkt. No. 42).

1

counsel and that they "communicated by phone and email with one another," apparently after their counsel introduced them). As such, they are inadequate to represent the class, and should be eliminated from consideration on that basis. *See Chauhan v. Intercept Pharms.*, No. 21-cv-00036, 2021 WL 235890, at *5 (S.D.N.Y. Jan. 25, 2021) (rejecting as inadequate a "random assemblage of [two] unlike individuals").

The Sordo/Siddiqui Group attempts to distance itself from other rejected groups by claiming that Sordo and Siddiqui each individually have larger financial interests than the competing movants. *See* Sordo/Siddiqui Opp. at 9 n.6. However, this fact does not render their group adequate because "at the time they decided to form the group and submit their application . . . they had no idea who the other movants would be or the size of their losses." *Intercept*, 2021 WL 235890, at *5.

Moreover, neither Sordo nor Siddiqui should be considered individually for appointment as lead plaintiff because "[n]either . . . have requested to be considered individually as lead plaintiff." *Id.* at *6 (declining to consider the two group members individually); *see also* Lyons Opp. at 5.

## II.     The Presumption That Lyons Is The Most Adequate Plaintiff Cannot Be Rebutted

Since the Sordo/Siddiqui Group is inadequate to represent the class, the most adequate plaintiff presumption moves to Lyons who has the next largest financial interest:

| Movant | Modified LIFO Loss |
|---|---|
| ~~Sordo/Siddiqui Group Total~~ | ~~$1,723,843~~ |
| *~~Javier Rodriguez Sordo~~* | *~~$1,103,291~~* |
| *~~Dr. Mohammad Siddiqi~~* | *~~$620,552~~* |
| Michael M. Lyons | $609,177 |
| Ira J. Zohn | $576,780 |

Only the Sordo/Siddiqui Group attempts to rebut the presumption that Lyons is the most adequate plaintiff. *See* Sordo/Siddiqui Opp. at 10 n.7. The Sordo/Siddiqui Group relegates to a

footnote their argument that Lyons is inadequate because he "provided no information about [himself], where [he] live[s], [his] investing experience, [his] background, or [his] sophistication." *Id.* This attack fails.

As an initial matter, attacking Lyons' adequacy is a tacit admission that the Sordo/Siddiqui Group is inadequate. If the Sordo/Siddiqui Group has the largest financial interest, and is an adequate representative, they would be appointed, and there would be no use in attacking other movants' adequacy. They attack Lyons' adequacy because their group is inadequate.

Regardless, providing the additional information the Sordo/Siddiqui Group demands is not the standard for establishing adequacy at the lead plaintiff stage, as illustrated by the Sordo/Siddiqui Group's own lead plaintiff motion briefing. *See* Dkt. No. 28 (Memorandum of Law in Support of the Sordo/Siddiqui Group's Lead Plaintiff Motion) at 7 ("The adequacy requirement, in turn, is satisfied where: '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy.'") (quoting *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015)). There is also no requirement in the PSLRA to provide such background information. *See* 15 U.S.C. § 78u-4(a)(3)(B). The Sordo/Siddiqui Group does not contest the fact that Lyons' counsel is qualified, Lyons' interests are not antagonistic to the class, and that he has suffered a large enough loss to ensure vigorous advocacy. As such, the Sordo/Siddiqui Group has failed to prove that Lyons is inadequate.

Even though it is not required, to assuage any potential concerns, Lyons hereby states through counsel that he lives in New Jersey, is a retired train engineer for Amtrak, and has been

managing his own investments since approximately 1992. As such, Lyons is adequate to represent the class, and the presumption that he is the most adequate plaintiff has not been rebutted.

*    *    *

Since Lyons is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Lyons requests that the Court grant his motion, consolidate the Related Actions, appoint Lyons as lead plaintiff, and approve his selection of GPM as lead counsel for the class.

Respectfully submitted,

DATED: November 14, 2022

**GLANCY PRONGAY & MURRAY LLP**

By:   /s/ Gregory B. Linkh
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Michael Lyons and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

4

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 14, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 14, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh