**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TEDDY J. SAYE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN LI, and WEI FENG, <br><br> Defendants. | Case 1:22-cv-07252 <br><br> <u>CLASS ACTION</u> |
| TARAS CEGLIA BOHONOK, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN LI, and WEI FENG, <br><br> Defendants. | Case 1:22-cv-07666 <br><br> <u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION OF JAVIER RODRIGUEZ SORDO AND DR. MOHAMMAD
SIDDIQUI FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT
AS LEAD PLAINTIFF, AND FOR APPROVAL OF COUNSEL, AND IN
FURTHER OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF**

00718591;V1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 4

    I.    SORDO & SIDDIQUI ARE THE PRESUMPTIVE LEAD PLAINTIFF AS THEY HAVE THE LARGEST FINANCIAL INTEREST BY A WIDE MARGIN AND SATISFY RULE 23 ................................................................................................................................ 4

    II.    LYONS AND ZOHN HAVE FAILED TO OFFER ANY "PROOF" THAT SORDO & SIDDIQUI ARE SOMEHOW INADEQUATE ........................................................................ 7

    III.  LYONS AND ZOHN ALSO HAVE RULE 23 IMPEDIMENTS ................................. 10

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrada v. Atherogenics, Inc.*,
   No. 05 Civ. 00061 (RJH), 2005 WL 912359 (S.D.N.Y. Apr. 19, 200) ...................................... 9

*Baron v. Talkspace, Inc.*,
   No. 22 Civ. 163 (PGG), 2022 WL 1912255 (S.D.N.Y. June 12, 2022) ..................................... 6

*Brady v. Top Ships Inc.*,
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ...................................................................................... 7

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018, *objections
   overruled*,
   No. 18-CV-02268 (AT)(SN), 2018 WL 6803377 (S.D.N.Y. Aug. 27, 2018) ........................ 6, 7

*Cohen v. Luckin Coffee Inc.*,
   No. 1:20-CV-01293-LJL, 2020 WL 3127808 (S.D.N.Y. June 12, 2020) ................................. 8

*Cook v. Allergan PLC*,
   No. 18 Civ. 12089 (CM), 2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) ................................ 9

*Di Scala v. ProShares Ultra Bloomberg Crude Oil*,
   No. 20 Civ. 5865 (NRB), 2018 WL 7698321 (S.D.N.Y. Dec. 28, 2020 ................................. 9

*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) ............................................................................................................. 2, 5

*Goldberger v. PXRE Grp., Ltd.*,
   No. 06-cv-3410, 2007 WL 980417 (S.D.N.Y. Mar. 30, 2007)............................................. 8, 9

*Hansen v. Ferrellgas Partners, L.P.*,
   No. 16-CV-7840 (RJS), 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) ...................................... 7

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .................................................................................................... 4

*In re CMED Sec. Litig.*,
   No. 11 Civ. 9297(KBF), 2012 WL 1118302 (S.D.N.Y. Apr. 2, 2012) .................................... 7

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-CV-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ............................... 9

*In re Mersho,*
    6 F.4th 891 (9th Cir. 2021) ................................................................................................... 3, 7

*In re Network Assoc., Inc. Sec. Litig.,*
    76 F. Supp. 2d 1017 (N.D. Cal. 1999) ...................................................................................... 10

*In re Sequans Commc'ns S.A. Sec. Litig.,*
    289 F. Supp. 3d 416 (E.D.N.Y. 2018) .................................................................................... 7, 8

*Jakobsen v. Aphria, Inc.,*
    No. 18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ................................. 8

*Jurkowski v. MolyCorp, Inc.,*
    No. 13 Civ. 5697 (PAC), 2014 WL 12792750 (S.D.N.Y. Apr. 2, 2014) ................................... 9

*Khunt v. Alibaba Grp. Holding Ltd.,*
    102 F. Supp. 3d 523 (S.D.N.Y. 2015) ...................................................................................... 8

*Kiken v. Lumber Liq. Hldgs, Inc.,*
    2014 WL 12588686 (E.D. Va. May 14, 2014) .......................................................................... 9

*Kniffin v. Micron Tech., Inc.,*
    No. 1:19-cv-00678-WHP, 2019 WL 11609750 (S.D.N.Y. Apr. 8, 2019)................................. 7

*Kniffin v. Micron, Tech,*
    379 F. Supp. 3d 259 (S.D.N.Y. 2019) ................................................................................. 7, 10

*McDermid v. Inovio Pharms., Inc.,*
    467 F. Supp. 3d 270 (E.D. Pa. 2020) ...................................................................................... 10

*Micholle v. Ophthotech Corp.,*
    No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ................................. 8, 9

*Nakamura v. BRF S.A.,*
    No. 18-CV-2213 (PKC), 2018 WL 3217412 (S.D.N.Y. July 2, 2018) ..................................... 7

*Palm Tran, Inc. – Amalgamated Transit Union Local 1577 Pension Plan v. Emergent
    Biosolutions Inc.,*
    No. PWG-21-955, 2021 WL 6072812 (D. Md. Dec. 23, 2021) ............................................... 7

*Siegel v. Boston Beer,*
    No. 21-cv-7693 (VSB), 2021 WL 5909133 (S.D.N.Y. Dec. 14, 2021) ............................... 3, 10

*Simmons v. Spencer,*
    No. 13 Civ. 8216 (RWS), 2014 WL 1678987 (S.D.N.Y. Apr. 25, 2014) ................................. 8

*Tan v. NIO Inc.,*
    No. 19-cv-1424 (NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020).......................... 8

*Tecku v. Yieldstreet, Inc*.,
  No. 20 Civ. 7327 (VM), 2022 WL 3584942 (S.D.N.Y. Aug. 22, 2022) ................................. 10

*Varghese v. China Shenghuo Pharm. Holdings, Inc*.,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) ........................................................................ 3, 8, 9, 10

**Statutes**

15 U.S.C. §78u-4 ............................................................................................................................. 6

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)..................................................................................................... 6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ..................................................................................................... 7

DRAFT—11/14

Javier Rodriguez Sordo and Dr. Mohammad Siddiqui ("Sordo & Siddiqui") respectfully submit this reply memorandum of law in further support of their motion for Lead Plaintiff and in further opposition to all competing motions.[1]

## PRELIMINARY STATEMENT

It is now abundantly clear that Sordo & Siddiqui should be appointed Lead Plaintiff over these actions. As detailed in their opposition, Sordo & Siddiqui are the most adequate plaintiff because they have the largest financial interest by a wide margin and satisfy the *prima facie* Rule 23 requirements. Thus, Sordo & Siddiqui are entitled to the PSLRA's "strong" presumption of being appointed Lead Plaintiff. This presumption can only be rebutted with "proof" of inadequacy or atypicality, but as Zohn and Lyons have confirmed in their respective oppositions, no such proof exists here. Accordingly, the motion of Sordo & Siddiqui should be granted, and all other competing motions should be denied.

Sordo & Siddiqui suffered over $1.6 million in losses due to the alleged fraud in these actions, and, as even Lyons concedes, there is no genuine dispute that this is the largest financial interest of any movant before the Court. Lyons Opp'n (ECF No. 42) at 3. In fact, Sordo & Siddiqui *each individually* have larger financial interests than Lyons and Zohn, dispelling any notion that their grouping was needed to aggregate the largest losses in these actions. *Compare* Zohn Opp'n (ECF No. 41) at 2.

---

[1] Competing motions were filed by (i) Ira Zohn; (ii) Michael Lyons; (iii) Gary Darland; (iv) Juan Herreramora Gomez; (v) Prakash Sambath; and (vi) Arthur White. Sambath withdrew his motion on November 4, 2022. *See* ECF No. 37. Darland, White and Gomez filed non-oppositions on November 7, 2022. *See* ECF Nos. 38, 39, 40. Thus, the only competing movants remaining are Lyons and Zohn. Otherwise undefined terms have the definitions set forth in Sordo & Siddiqui's initial motion. "Opp'n" refers to Sordo & Siddiqui's opposition memorandum (ECF No. 43).

Zohn still claims that he has the largest financial interest here, but Zohn's claim is bankrupt as both Sordo & Siddiqui and Lyons explain in their respective oppositions. Zohn inexplicably ignores that 98% of his $1.9 million claimed loss was sustained *before* any of the alleged corrective disclosures in these actions and is, thus, not recoverable under *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005).  Opp'n at 6; Lyons Opp'n (ECF No. 42) at 3.  Zohn's actual financial interest here is just $36,079, the lowest of any movant.[2]

Sordo & Siddiqui also handily satisfy their *prima facie* Rule 23 requirements.  *See* Opp'n at 8-10.  They are a two-member group with a collective 30 years of investing experience; they consist of an entrepreneur and a surgeon; they have the first and second biggest financial interests of all movants; they bought two of the covered securities at issue – NIO common stock and call options (*see Saye* ¶1; *Bohonok* ¶1); they have no conflicts with other Class members; they communicated by phone and email and thoughtfully decided to group with one another for the benefit of the Class; and they filed a Joint Declaration addressing their plans for managing these actions and overseeing their chosen counsel.  *See generally* ECF No. 29-4 (Joint Decl.). Moreover, since filing their motion, they have been in regular contact with counsel, seeking updates concerning this motion and discussing other case-related matters.  A holistic analysis of Sordo & Siddiqui show them to be more than adequate to serve as Lead Plaintiff here.  Thus, Sordo & Siddiqui have earned the PSLRA's "strong" presumption.

Neither Lyons nor Zohn have offered any "proof" to rebut the "strong" presumption in favor of Sordo & Siddiqui. Instead, Zohn and Lyons challenge Sordo & Siddiqui purely for moving as an unrelated group.  This generic challenge fails.  The PSLRA expressly permits

---

[2] Any argument that this Court should ignore its prior holding (*see* Opp'n at 2) and ignore *Dura*, or speculation that there could be other corrective disclosures before those alleged in the two complaints – particularly when Zohn's counsel filed one of them – should be rejected.

00718591;V1                                        2

groups to serve as Lead Plaintiffs, as this Court has noted, and a preexisting relationship is only one non-dispositive factor that courts may consider when evaluating a group.  *See* Opp'n at 9 n.6; 15 U.S.C. §78u-4.  Courts in this District and elsewhere appoint small groups like Sordo & Siddiqui on a "case-by-case basis" when, as here, the facts show the group adequate. *Varghese v. China Shenghuo Pharm. Holdings, Inc*., 589 F. Supp. 2d 388, 392-93 (S.D.N.Y. 2008)*.*

Zohn and Lyons are both keenly aware of this law concerning groups.  In fact, Zohn's counsel recently convinced the Ninth Circuit Court of Appeals to reverse a District Court's ruling on a lead plaintiff motion to expressly find that a preexisting relationship was ***not*** a prerequisite for a group.  *See In re Mersho,* 6 F.4th 891, 901-02 (9th Cir. 2021).  And Zohn and Lyons' counsel have frequently moved on behalf of unrelated groups.  *See infra* at 7 n.5.

Even if there was some proof to rebut the presumption here – and there is none – it would not advance Lyons or Zohn.  This Court, like many others, analyzes disaggregated group members as individual movants.  *See Siegel v. Boston Beer*, No. 21-cv-7693 (VSB), 2021 WL 5909133, at *6 (S.D.N.Y. Dec. 14, 2021) (this Court "separately consider[ed] the [group members'] motions to be appointed lead plaintiff").  *See also infra* at 10 n.10. Here, Sordo & Siddiqui each ***individually*** beat Lyons and Zohn.  The Court should reject Lyons' argument asking the Court to depart from its prior practice and not disaggregate under any circumstances.

Zohn further claims Sordo & Siddiqui should not be appointed Lead Plaintiff here simply because Sordo sustained losses in NIO options.  That argument is both meritless and nonsensical. Zohn's counsel filed the *Bohonok* complaint defining the Class here as purchasers of NIO "securities", which undeniably includes purchasers of NIO options.  *See Bohonok* ¶1.  Zohn's counsel cannot opportunistically expand and contract the Class definition. Sordo has the largest financial interest of any movant, and he is precisely the type of movant that the PSLRA seeks to

00718591;V1                                    3

encourage – there is no basis to take away his opportunity to have a voice in these actions. Moreover, Siddiqui's huge common stock loss (the biggest stock loss of any movant) negates any unfounded concern that purportedly unique options issues will overcome the litigation. Sordo & Siddiqui's substantial losses in stock and options are an asset here, and one of the key bases for their decision to group together and ensure proper representation for the entire Class.

Once the presumptive movant is identified, here Sordo & Siddiqui, the Court must not conduct a beauty contest among the other movants. *See Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *2 (S.D.N.Y. June 21, 2018, *objections overruled*, No. 18-CV-02268 (AT)(SN), 2018 WL 6803377 (S.D.N.Y. Aug. 27, 2018) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). Nevertheless, Zohn and Lyons suffer from inescapable Rule 23 impediments which cannot be ignored. For example, Lyons provided no information about himself to demonstrate *prima facie* adequacy and typicality, which is fatal to his motion. *See* Opp'n at 10 n. 7. Additionally, Zohn is a current defendant in a disturbing New Jersey state case attacking his character, and, in addition to ignoring *Dura*, he mis-reported a gain in one of his accounts. *See id*.

Accordingly, the Court should grant Sordo & Siddiqui's motion in its entirety and deny the competing motions.

**ARGUMENT**

**I.     SORDO & SIDDIQUI ARE THE PRESUMPTIVE LEAD PLAINTIFF AS THEY HAVE THE LARGEST FINANCIAL INTEREST BY A WIDE MARGIN AND SATISFY RULE 23**

Sordo & Siddiqui are the presumptive Lead Plaintiff here. There is no genuine dispute that they have by far the largest financial interest (over $1.6 million) of any movant. *See* Opp'n at 5-7. Lyons concedes "the Sordo/Siddiqui Group has a larger financial interest than Lyons." ECF No. 42 at 1. Moreover, as reflected in the chart below, Sordo & Siddiqui also each

00718591;V1                                                    4

individually have the largest losses of any movant, dispelling any notion that their grouping was needed to aggregate the largest financial interest in these actions.

Zohn still stands by his misleading $1.9 million claimed loss figure despite that 98% of that "loss" was sustained *before* any of the alleged corrective disclosures here and is, therefore, nonrecoverable.  *See* Opp'n at 5-8.[3]  In their oppositions, Sordo & Siddiqui and Lyons exposed that Zohn's claimed loss as wildly inflated because after backing out his "in-and-out" losses under *Dura*, which analysis this Court and many others regularly perform on lead plaintiff motions (*see* Opp'n at 6-7; Lyons Opp'n at 2-3), Zohn's losses are $36,079, the lowest of any movant by a long shot:

| MOVANT | FINANCIAL INTEREST UNDER *DURA*[4] |
|---|---|
| **Sordo** | **($998,751)** |
| **Siddiqui** | **($620,552)** |
| **Sordo & Siddiqui** | **($1,619,303)** |
| | |
| **Lyons** | **($601,249)** |
| | |
| Zohn Account 1 | ($3,471) |
| Zohn Account 2 | ($32,608) |
| **Zohn Total** | **($36,079)** |

Sordo & Siddiqui also handily satisfy the requisite *prima facie* Rule 23 requirements. *See* Opp'n at 8-9.  Sordo & Siddiqui are typical of other Class members because they bought

---

[3] Since the Supreme Court issued its *Dura* decision in 2005, the overwhelming majority of courts apply *Dura* on lead plaintiff motions – particularly when, like here, a movant's claimed financial interest is so widely divergent from his true financial interest.

[4] Lyons calculated the movants' *Dura* losses as $1,103,291 (Sordo), $620,552 (Siddiqui), $1,723,843 (Sordo & Siddiqui's total); $609,577 (Lyons); and $576,780 (Zohn). *See* ECF No. 42 (Lyons Opp'n) at 4. The difference is irrelevant: Sordo & Siddiqui have the largest financial interest, both collectively and individually, under either calculation.

NIO securities during the class period and were significantly harmed by the same alleged misstatements and omissions as other Class members.  Sordo & Siddiqui are also adequate. They are a small, cohesive group with a collective 30 years of investing experience; they are an entrepreneur and a surgeon, respectively; they bought two of the securities at issue in these actions – common stock (Siddiqui) and call options (Sordo); they retained experienced counsel; they have no conflicts with other Class members; they communicated by phone and email with one another before deciding to group; and they submitted a Joint Declaration evidencing their ability and plans to manage this litigation and oversee counsel.  *See* ECF No. 29-4 (Joint Decl.). Further, since filing their motion, they have continued to be actively involved in these actions. And Sordo & Siddiqui have sworn that they understand the lead plaintiff role and will undertake it seriously and litigate these actions vigorously for the Class.  *See id*. ¶8.  The foregoing demonstrates that they are well-suited to manage this litigation.  Thus, Sordo & Siddiqui are the presumptive Lead Plaintiff under the PSLRA.  *See* 15 U.S.C. § 78u-4.

The PSLRA's presumption is "strong" and can only be rebutted with "proof" that Sordo & Siddiqui do not satisfy Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  As discussed below, Zohn and Lyons have not offered any such proof – nor can they now.[5]  Because Sordo & Siddiqui have the largest financial interest and satisfy Rule 23, the Court should end its analysis and appoint Sordo & Siddiqui as Lead Plaintiff.[6]

---

[5] *See Baron v. Talkspace, Inc*., No. 22 Civ. 163 (PGG), 2022 WL 1912255, at *6 n.12 (S.D.N.Y. June 12, 2022) (cannot raise argument for first time on reply on lead plaintiff motion).

[6] *See, e.g. Chahal*, 2018 WL 3093965, at *2 ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"). *Cf.* Opp'n at 9.

## II.    LYONS AND ZOHN HAVE FAILED TO OFFER ANY "PROOF" THAT SORDO & SIDDIQUI ARE SOMEHOW INADEQUATE

In their oppositions, Lyons and Zohn have confirmed they have no "proof" whatsoever to rebut the PSLRA's "strong" presumption in favor of appointing Sordo & Siddiqui.  Instead, they claim Sordo & Siddiqui are inadequate simply because they are an unrelated group.  Wrong.

The PSLRA expressly provides that a "group of persons" is allowed to move for lead plaintiff and does not mandate that there be a preexisting relationship among them. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Indeed, Zohn's counsel recently successfully argued to the Ninth Circuit that a preexisting relationship is ***not*** a prerequisite for serving as lead plaintiff.  *See Mersho*, 6 F.4th at 902 (the true test of adequacy is not "one of relatedness" but rather whether a group would "adequately protect the interests of the class").[7]  The existence of a "preexisting relationship" is one factor that courts may consider, it is "not dispositive". *See Kniffin v. Micron Tech.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019); *see also In re CMED Sec. Litig.*, No. 11 Civ. 9297(KBF), 2012 WL 1118302, at *2 (S.D.N.Y. Apr. 2, 2012).

The "overarching concern" for a court determining group adequacy is "whether the members of the group can function cohesively and effectively manage the litigation apart from their lawyers." *Nakamura v. BRF* S.A., No. 18-CV-2213 (PKC), 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018).  Mindful of this concern, many courts in this District have appointed lead plaintiff groups – many larger than Sordo & Siddiqui's two-person group – without a

---

[7] Counsel for Lyons and Zohn have repeatedly made motions on behalf of unrelated lead plaintiff groups. *See*, *e.g.*, *Palm Tran, Inc. – Amalgamated Transit Union Local 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. PWG-21-955, 2021 WL 6072812, at *5 (D. Md. Dec. 23, 2021) (approving Zohn's counsel as lead for two-member group; "[n]ot having a pre-litigation relationship does not disqualify a group…parties [] chose to work together based on" "mutual [] interests"); *See Kniffin v. Micron Tech., Inc.*, No. 1:19-cv-00678-WHP, 2019 WL 11609750 (S.D.N.Y. Apr. 8, 2019) (lead plaintiff filing of Lyons' counsel with two-member group).

preexisting relationship.[8]   As this Court has noted, courts review the adequacy of unrelated groups "on a case-by-case basis" and such groups must "provide evidence that they will function cohesively and thus best serve the class." *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at \*5 (S.D.N.Y. Mar. 13, 2018). Viewing the facts on a "case-by-case basis", Sordo & Siddiqui "will function cohesively" and "best serve the class" (*see id*.), including by having the two largest losses and covering two key securities at issue here.  *See supra* at 2-5.

In challenging Sordo & Siddiqui, Zohn misconstrues this Court's holding in *Micholle* and ignores the very different facts there. In *Micholle*, this Court found one group atypical as **the group** traded "almost exclusively" in put and call options and was troubled that a movant reported his financial interest as $4.1 million but later "adjusted this number…to $1,659,767" due to errors in his certification.  *Id*. at \*5. Sordo & Siddiqui did not trade "almost exclusively" in options; Sordo bought call options **and Siddiqui bought common stock** – and their losses are both very substantial.  And Sordo & Siddiqui made no errors on their certifications, unlike Zohn on his loss chart.  *See* Opp'n at 10 n.7.  Thus, *Micholle* only hurts Zohn.[9]

---

[8] *See*, *e.g.*, *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 340 (E.D.N.Y. 2018); *Chahal*, 2018 WL 3093965, at \*6; *Hansen v. Ferrellgas Partners, L.P.*, No. 16-CV-7840 (RJS), 2017 WL 281742, at \*5 (S.D.N.Y. Jan. 19, 2017); *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018); *Simmons v. Spencer*, No. 13 Civ. 8216 (RWS), 2014 WL 1678987, at \*5 (S.D.N.Y. Apr. 25, 2014).

[9] Most of Zohn and Lyons' citations are fundamentally distinguishable **because, unlike Sordo & Siddiqui, the groups in these cases did not have the first and second biggest financial interests**. *Cohen v. Luckin Coffee Inc.*, No. 1:20-CV-01293-LJL, 2020 WL 3127808, at \*4 n.7 (S.D.N.Y. June 12, 2020); *Tan v. NIO Inc.*, No. 19-cv-1424 (NGG)(VMS), 2020 WL 1031489, at \*3 (E.D.N.Y. Mar. 3, 2020); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 (S.D.N.Y. 2008); *Goldberger v. PXRE Grp., Ltd.*, No. 06-cv-3410, 2007 WL 980417, at \*1, 5 (S.D.N.Y. Mar. 30, 2007).  In addition, the groups in many of these cases were much larger than Sordo & Siddiqui's two-person group or had further distinguishing factors.  *See Cohen*, 2020 WL 3127808, at \*4 (six-member group); *Tecku v. Yieldstreet, Inc.*, No. 20 Civ. 7327 (VM), 2022 WL 3584942, at \*3 (S.D.N.Y. Aug. 22, 2022) (three-member group and no declaration,

Finally, Zohn also claims Sordo & Siddiqui are inadequate because Sordo sustained his losses in NIO options. That argument makes no sense. Zohn's counsel filed the *Bohonok* complaint defining the Class as purchasers of NIO "securities" and securities indisputably include options. *See Bohonok* ¶1. Zohn's counsel cannot now opportunistically ignore its own Class definition. Moreover, Sordo is precisely the type of movant that the PSLRA sought to encourage – someone with real skin in the game motivated to pursue these claims on behalf of the Class. And Siddiqui's huge common stock loss (the single biggest stock loss of any movant) negates any unfounded concern here that options issues will overcome this litigation. Because the Class consists of purchasers of "securities", *i.e.*, not just stock, a small lead plaintiff group with one investor who lost money in NIO stock and one in NIO options is an asset.[10] It is simply absurd to argue that when a class is comprised of those who bought securities, a movant who lost almost $1 million in NIO options should have no voice as a lead plaintiff.[11]

---

discussion of backgrounds, sophistication or how group would benefit the class); *Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at *3-4 (S.D.N.Y. Mar. 27, 2019) (Lyons' counsel moved for group where the biggest individual loss was essentially equal to that of the biggest loss in the rejected group, which moreover had five members); *Tan*, 2020 WL 1031489, at *4 (five-member group); *Khunt*, 102 F. 5-Supp. 3d 523 at 533 (six member group); *Varghese*, 589 F. Supp. 2d at 393-94 (four member group); *Goldberger*, 2007 WL 980417, at *1 (S.D.N.Y. 2007) (seven-member group).

[10] *See Kiken v. Lumber Liq. Hldgs, Inc.*, 2014 WL 12588686, at *1, 5 (E.D. Va. May 14, 2014) (appointing two-member group, one who bought common stock and one call options); *In re Elan Corp. Sec. Litig.*, No. 1:08-CV-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (appointing two-member group that traded common stock and options).

[11] Lyons' cases on options did not concern a two-member group where one lost in options and one in stock. *See, e.g., Micholle*, 2018 WL 1307285, at *9 (**both** group members lost most in options); *Di Scala v. ProShares Ultra Bloomberg Crude Oil*, No. 20 Civ. 5865 (NRB), 2018 WL 7698321, at *4 (S.D.N.Y. Dec. 28, 2020) (rejecting movant who traded mostly options as **sole** lead plaintiff; unclear if movant's options sales where part of class of **purchasers**); *Cook v. Allergan PLC*, No. 18 Civ. 12089 (CM), 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (rejecting movant who largely lost money in options as **sole** lead plaintiff); *Andrada v. Atherogenics, Inc.*, No. 05 Civ. 00061 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 200)

### III.   LYONS AND ZOHN ALSO HAVE RULE 23 IMPEDIMENTS

Lyons and Zohn have failed to rebut the PSLRA's "strong" presumption in favor of appointing Sordo & Siddiqui, but they also have Rule 23 impediments.  As discussed in Sordo & Siddiqui's opposition, the PSLRA requires a *prima facie* showing of adequacy and typicality, which includes providing sufficient background information in initial motion papers.  Lyons failed to meet this basic requirement, warranting his disqualification.  *See* Opp. at 10 n.7. Likewise, Zohn is a defendant in a current New Jersey state case that places his character in question and could undermine his adequacy and, at the very least, will be a wasteful sideshow. *See, e.g., In re Network Assoc., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999). Zohn also apparently gained $21,974.83 in his first account rather than his reported $10,797. This error likewise raises adequacy issues.  *See* Opp'n at 10 n.7.

### CONCLUSION

For the foregoing reasons and those given in their earlier submissions, Sordo & Siddiqui respectfully request that this Court: (1) consolidate the related actions; (2) appoint them as Lead Plaintiff in the Actions, and all subsequently-filed, related actions; and (3) approve their selection of Bernstein Liebhard as Lead Counsel for the litigation.[12]

---

(same); *In re Elan*, 2009 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (rejecting movant who lost only in options as **sole** lead plaintiff; appointing two-member group that lost in options and common stock); *Jurkowski v. MolyCorp, Inc.*, No. 13 Civ. 5697 (PAC), 2014 WL 12792750, at *3 (S.D.N.Y. Apr. 2, 2014) (movant solely traded options; main trade **pre-class period**).

[12] Courts also regularly disaggregate group members when they believe it is warranted. *See*, *e.g.*, *Boston Beer*, 2021 WL 5909133, at *6 (this Court "separately consider[ed] the [group members]"); *Kniffin*, 379 F. Supp. 3d at 265 (noting "**longstanding practice in this district** of considering the largest shareholder of a rejected group as if he had moved to be appointed as lead plaintiff alone") (emphasis added); *Varghese*, 589 F. Supp. 2d at 394 (considering "largest shareholder of the Maa Group, individually").  Here, Sordo has the single biggest loss and Siddiqui the second biggest loss and the biggest loss in common stock. *See* Opp'n at 6.  As Sordo & Siddiqui each stated they were willing to serve as sole lead plaintiff if need be (Joint Decl. ¶¶4, 6), if the Court believes it is warranted, it should appoint either Sordo or Siddiqui as

Dated: November 14, 2022

**BERNSTEIN LIEBHARD LLP**

/s/ Joseph R. Seidman, Jr.

_____

Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY  10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
        seidman@bernlieb.com

*Counsel for Sordo & Siddiqui and Proposed Lead Counsel for the Proposed Class*

---

sole lead plaintiff.  Lyons' citation to *McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 280 (E.D. Pa. 2020), on this point falls flat as the group member movant there filed two different lead plaintiff motions, withdrew one, then the group sought to jettison that movant.

00718591;V1                                11

**CERTIFICATE OF SERVICE**

I, Joseph R. Seidman, Jr., hereby certify that on November 14, 2022, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: November 14, 2022

/s/ Joseph R. Seidman, Jr.
Joseph R. Seidman, Jr.

00718591;V1                                          12