# Skadden, Arps, Slate, Meagher & Flom LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3902
DIRECT FAX
917-777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

December 13, 2023

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

                RE:    *Saye v. NIO Inc.*, 22-cv-7252 (VSB);
                        *Bohonok v. NIO Inc.*, 22-cv-7666 (VSB)

Dear Judge Broderick:

      On behalf of Defendant NIO Inc., we respectfully write in response to Plaintiffs' December 6, 2023 submission of new facts in opposition to NIO's pending motion to dismiss this putative securities class action. (ECF No. 60.) As a threshold matter, it is axiomatic that "a plaintiff may not raise new facts in opposing dismissal and ask the Court to rely on those facts in determining whether he or she has stated a claim." *In re Bemis Co. Sec. Litig.*, 512 F. Supp. 3d 518, 541 (S.D.N.Y. 2021). Moreover, courts have repeatedly rejected similar requests to take judicial notice of facts alleged in other proceedings. *See, e.g.*, *La. Mun. Police Emps. Ret. Sys. v. Pandit*, 2009 WL 2902587, at *1 n.1 (S.D.N.Y. Sept. 10, 2009) ("[J]udicial notice of allegations in separate proceedings is not appropriate when assessing the sufficiency of a complaint[.]"); *MYL Litig. Recovery I LLC v. Mylan N.V.*, No. 19-CV-1799 (JPO), 2020 WL 1503673, at *4 n.2 (S.D.N.Y. Mar. 30, 2020) (declining to consider "facts alleged in a [separate SEC] complaint" submitted as supplemental authority). Plaintiffs' new submission should be disregarded on this basis alone.[1]

---

[1] Plaintiffs' two cases are not to the contrary. The first case took judicial notice of reports that were expressly included in the complaint. *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 154-55 (S.D.N.Y. 2021). The second case was an appeal to the district court of a bankruptcy court's rejection of a

Hon. Vernon, S. Broderick
December 13, 2023
Page 2

In any event, the Public Company Accounting Oversight Board ("PCAOB") order submitted by Plaintiffs has no bearing on this case or NIO's pending motion to dismiss. Plaintiffs assert securities fraud claims based on a short seller's accusation that NIO—a China-based electric car company—improperly accounted for its investment in and transactions with a related party called Wuhan Weineng Battery Asset Co., Ltd. ("Weineng"), which leases to consumers the batteries for NIO's vehicles. As demonstrated in NIO's motion to dismiss, these allegations fail to state a claim. Among other things, NIO fully disclosed the details of its accounting with respect to Weineng; Plaintiffs' subjective disagreement with NIO's accounting judgments is insufficient as a matter of law to allege securities fraud; Plaintiffs' allegations do not support the requisite strong inference of scienter; and Plaintiffs' alleged losses were caused by normal market fluctuations, not the revelation of any fraud. (*See generally* ECF No. 53 (Motion to Dismiss Brief); ECF No. 57 (Reply).) Moreover, it is undisputed that NIO's accounting judgments with respect to Weineng were approved by its auditor, PricewaterhouseCoopers Zhong Tian LLP ("PwC ZT"), confirmed by another accounting firm after the short seller attack, and specifically reviewed and approved by the SEC. (*See* ECF No. 53 at 7, 9.)

In response, Plaintiffs urged the Court to ignore this because the PCAOB did not oversee PwC ZT during the putative class period (which NIO disclosed) and because the PCAOB had found deficiencies in the audits of *other* Chinese companies by *other* auditors (namely, KPMG China and PwC Hong Kong, not PwC ZT). (*See* ECF No. 56 (Opposition Brief) at 21 n.20 & 22 n.21.[2]) On its face, none of this casts any doubt on PwC ZT's review and approval of NIO's accounting judgments with respect to Weineng.

Plaintiffs' latest submission is more of the same. On November 30, 2023, the PCAOB issued an order against three China-based accounting firms, including PwC ZT. Contrary to Plaintiffs' conclusory assertion that this is "relevant to the pending motion to dismiss" (ECF No. 60 at 1), the PCAOB's decision has nothing to do with PwC ZT's audits of NIO. Indeed, it is not based on PwC ZT's audit work for *any* company. Rather, PwC ZT was fined for not preventing certain personnel from sharing answers for internal training courses, fast-forwarding through the trainings, and/or falsely indicating that they had completed the trainings. (*See* ECF No. 60, PCAOB Order, at 2-3.) The PCAOB did *not* find that these training issues had any impact on any of PwC ZT's actual audit work for any company. Again, on its face, this does nothing to undermine PwC ZT's audit of NIO's accounting judgments with respect to Weineng.

In any event, nothing in NIO's pending motion turns on whether NIO's accounting was audited properly (or at all). Plaintiffs' claims fail as a matter of law for multiple independent

---

purported creditor's proof of claim—circumstances wholly inapposite here. *In re Aurora Com. Corp.,* 2021 WL 3595716, (S.D.N.Y. Aug. 13, 2021), *aff'd* 2023 WL 1813328 (2d Cir. Feb. 8, 2023).

[2] Plaintiffs' Opposition references, but does not attach or cite, a "May 10, 2022 Reuters article." (ECF No. 56 at 22 n.21.) Plaintiffs appear to be referencing Reuter's May 10, 202<u>3</u> article titled *China Audits Littered with Deficiencies, US Accounting Watchdog Finds*, available at https://www.reuters.com/markets/us-watchdog-says-it-found-unacceptable-problems-with-chinese-company-audits-2023-05-10/.

Hon. Vernon, S. Broderick
December 13, 2023
Page 3

reasons, including Plaintiffs' failure to allege particularized facts showing NIO's accounting was incorrect, was intended to defraud shareholders, and caused shareholders any loss. Accordingly, all of Plaintiffs' claims should be dismissed with prejudice.

    Respectfully submitted,

    */s/ Robert A. Fumerton*

    Robert A. Fumerton